IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MATTHEW MARANO, An Individual,<br><br>**Plaintiff**,<br><br>v.<br><br>DORMAKABA USA, INC.,<br><br>**Defendant.** | CIVIL ACTION NO. |

# COMPLAINT

The Plaintiff, MATTHEW MARANO, an Individual, by and through his undersigned counsel and hereby file this Complaint against DORMAKABA USA, INC. upon the grounds set forth herein, and in support thereof, states as follows:

1. On September 9th, 2021, the President of the United States executed Executive Order 14042, Requirements for COVID-19 Vaccination of Federal Contractors (hereinafter referred to as the "Executive Order"). A copy of this Executive Order is attached hereto as **Exhibit A**.

2. The Executive Order required all Government Contractors to ensure that their employees were vaccinated no later than December 8th, 2022, and applied to all new government contracts entered into on or after October 15th, 2021. Likewise, the Effective Date of the Executive Order was to be October 15th, 2021.

3. The Defendant, a private entity billing itself out as "an industry leader and trusted source for security and access control solutions," was a Government Contractor during the timeframes pertinent to this suit.

4. The Plaintiff was an service/inspector technician working for the Defendant at all times pertinent hereto.

5. In a letter dated October 21st, 2021, the Defendant notified the Plaintiff that all employees would be required to provide proof of their COVID-19 vaccinations by December 8, 2021. This letter is referred to as the "October 21 Correspondence" and is attached hereto as **Exhibit B**.

6. Further, the October 21 Correspondence advised the Plaintiff that COVID-19 vaccination would be a requirement for continued employment, and that he must be "fully vaccinated," including: injection of either one dose of the Johnson & Johnson vaccine or both doses of the Pfizer or Moderna vaccine, and a two-week incubation period thereafter. Documentary proof of such vaccination was required to be submitted to the Defendant by December 1st, 2021.

7. The Plaintiff, who had already contracted COVID-19 in October, 2021 and obtained natural immunity therefrom, objected to the requirement as an unnecessary risk to his health, an improper employment requirement for a door lock company, and a violation of his constitutional rights.

8. Accordingly, the Plaintiff did not obtain the vaccination.

9. On or about December 6, 2021, the Defendant terminated the employment of Matthew Marano ("Plaintiff") at its Florida location, upon grounds that the Plaintiff had not become "fully vaccinated" in compliance with the Executive Order.

10. Plaintiff brings this action against the Defendant to recover lost wages and other damages resulting from his wrongful termination.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the matters raised by the Plaintiff in this case pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1331.

12. Venue is appropriate in this District, because the violation is alleged to have occurred here and Defendant's business was operated in Orange County, Florida, and because the facts giving rise the circumstances herein occurred in the Middle District of Florida-Orlando Division.

## PARTIES

13. The Plaintiff, MATTHEW MARANO, was employed by Defendant at the worksite located in Florida until he was terminated on or about December 6, 2021 and is referred to herein as "Plaintiff".

14. The Defendant, DORMAKABA USA, INC., is a foreign corporation with a principal address of 6161 E. 75th Street, Indianapolis, IN 456250, and conducts business throughout the State of Florida.

15. Until December 6, 2021, Plaintiff was employed by Defendant and worked at or reported to Defendant's location in Orlando, Florida.

### COUNT I: CIVIL ACTION FOR DEPRIVATION OF RIGHTS

16. Plaintiff brings this claim for violation on behalf of himself pursuant to 42 U.S.C. §1983 as his termination by the Defendant, acting as a State Actor, violated his constitutional rights and deprived him of a constitutionally protected privilege.

17. The Defendant, acting under color of the Executive Order, terminated the Plaintiff's employment for his refusal to obtain a COVID-19 vaccination in compliance with the Executive Order.

18. This action converted the Defendant, for purposes of this matter, into a "State Actor," subject to the restrictions set forth in the United States Constitution. See *Riester vs. Riverside Community School*, 257 F.Supp.2d 968, 971 (S.D. OH 2002).

19. The COVID-19 vaccine mandate, as enforced by the Defendant against the Plaintiff and required by the Executive Order, was unconstitutional. See *Biden vs. Missouri*, 142 S.Ct. 647 (2022).

20. As a State Actor, the Defendant deprived the Plaintiff of his Constitutionally protected privilege of gainful employment.

21. The Plaintiff suffered damage as a result of the Defendant's actions,

including but not limited to his loss of income and employment benefits, and loss of future wages.

22. Pursuant to 42 U.S.C. §1983, the Defendant is liable to the Plaintiff for such damages that were incurred as a result of the Defendant's wrongful action.

WHEREFORE, the Plaintiff, MATTHEW MARANO, respectfully ask this Court to enter a judgment against Defendant in favor of the Plaintiff equal to the sum of: his wrongful termination, his unpaid wages, salary, accrued vacation pay, and to conduct a trial upon the merits of the Plaintiff's case, award the Plaintiff any attorney's fees and court costs he may incur in this matter, and such other further relief as this Court may deem just and proper.

Dated: December 1, 2022  Respectfully submitted,

**METROPOLITAN LAW GROUP, PLLC**

*/s/ Andrew Z. Tapp*
**ANDREW Z. TAPP, ESQ.**
Florida Bar No.: 68002
1971 W. Lumsden Road, #326
Brandon, Florida 33511-8820
(813) 228-0658
Andrew@Metropolitan.Legal

**COUNSEL FOR PLAINTIFFS**